08-5292-cr
USA v. Arias-Madrid

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of May, two thousand ten.

PRESENT: JON O. NEWMAN,
JOHN M. WALKER, JR.,
GERARD E. LYNCH,
*Circuit Judges*,

------------------------------------------------------------------

UNITED STATES OF AMERICA,
*Appellee*,

v.                                                           No. 08-5292-cr

RAMON ARIAS-MADRID, also known as OSCAR
MARRA, also known as RAMON ANTONIO
MADRID, also known as ORLANDO FLORES,
also known as JOSE FRANCISCO MORAZON,
*Defendant-Appellant.*\*

------------------------------------------------------------------

FOR APPELLANT:          JAMES M. BRANDEN, New York, NY, on submission

FOR APPELLEE:           JACQUELINE L. SPRATT and EMILY BERGER, for
                        BENTON J. CAMPBELL, United States Attorney for the
                        Eastern District of New York, Brooklyn, NY, on
                        submission.

Appeal from the United States District Court for the Eastern District of New York

(Eric N. Vitaliano, *Judge*).

---

\* The Clerk of the Court is instructed to amend the official caption in this case to conform to the listing of the parties above.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of conviction, entered on October 28, 2008, is AFFIRMED.

Ramon Arias-Madrid appeals from a sentence of 84 months imprisonment imposed for a conviction, following a guilty plea, of illegal reentry into the United States after deportation subsequent to conviction for an aggravated felony in violation of 8 U.S.C. § 1326(a) & (b)(2).  Arias-Madrid challenges only the substantive reasonableness of his sentence, contending that it is "greater than necessary to meet the sentencing objectives set forth in 18 U.S.C. § 3553(a)(2)."

We review the reasonableness of a sentence under an abuse-of-discretion standard, and will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Rigas*, 583 F.3d 108, 121-22 (2d Cir. 2009) (emphasis omitted).  In examining the substantive reasonableness of a sentence, "we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc) (internal quotation marks omitted).

Arias-Madrid contends that the district court erred by failing to give adequate weight to his particular "history and characteristics" under § 3553(a)(1), specifically his deprived childhood, his addiction to various drugs, his daughter's need for interaction with her father and the illness of his mother.  Arias-Madrid argues additionally that the unreasonableness of his sentence is demonstrated by the fact that he received a significantly longer sentence for this crime than when convicted for his previous, arguably more serious, crimes.

2

Here, the district court explicitly stated that it had considered the Guidelines and the factors under § 3553(a) in determining the sentence. The district court specifically made clear that it took account of the difficult circumstances of Arias-Madrid's upbringing and of the illness of his mother as mitigating circumstances. However, it determined that these mitigating factors were more than counterbalanced by Arias-Madrid's extensive criminal history and the need for general deterrence. As a general rule, we do not substitute our own consideration of the § 3553(a) sentencing factors for the district court's. *See United States v. Fernandez*, 443 F.3d 19, 34 (2d Cir. 2006) ("[W]e will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor.") On the basis of the district court's evaluation of the facts and circumstances of the case, we cannot say that the sentence of 84 months imprisonment was not "within the range of permissible decisions." Our conclusion is not undermined by the fact that Arias-Madrid received lesser sentences in the past for his previous crimes.

Further supporting our conclusion that the district court's sentence is reasonable is the fact that it is within the Guidelines range for his crime. Although this Circuit has not adopted a presumption that a within-Guidelines sentence is reasonable, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *Fernandez*, 443 F.3d at 27.

For the foregoing reasons, the judgment of conviction is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court